IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EDWIN STEAKLEY,<br>*Plaintiff,*<br>v.<br><br>CORECIVIC, INC., formerly known as<br>Corrections Corporation of America;<br>JEFFERY REEVES; RUSSELL WASHBURN,<br>in his individual and in his official capacity<br>as warden of Trousdale Turner<br>Correctional Facility; KEITH HUGGINS,<br>in his individual and in his official capacity<br>as chief of security of Trousdale Turner<br>Correctional Facility; HARLEY SILCOX,<br>in her individual and in her official<br>capacity as correctional sergeant at<br>Trousdale Turner Correctional Facility<br>*Defendants.* | CASE NO. 3:19-mc-9999 |

## COMPLAINT

1. Plaintiff Edwin Steakley, by and through counsel Daniel Ayoade Yoon, files this complaint under 42 U.S.C. 1983 and all other applicable state and federal law, naming as defendants CoreCivic, Inc., Jeffery Reeves, Warden Russell Washburn, Chief of Security Keith Huggins, and Sergeant Haley SIlcox as violating his constitutional rights and for inflicting tortious injuries.

## PARTIES

2. Plaintiff Edwin Steakley is a living, natural person and resident of Trousdale County, Tennessee.

3. Defendant CoreCivic, Inc., is a real estate investment trust, a Maryland corporation with its principal place of business at 10 Burton Hills Boulevard, Nashville,

Tennessee. CoreCivic operates Trousdale Turner Correctional Facility ("TTCC"), under the full authority of the State of Tennessee pursuant to Tenn. Code Ann. Sections 41-24-101, et. seq., and/or 41-8-101, et seq. and acting under color of state law. CoreCivic is the entity charged by the State of Tennessee with authority to maintain Trousdale Turner Correctional Facility and has a non-delegable duty to ensure that persons housed at TTCC are protected by the Constitution and laws of the United States and the State of Tennessee. Defendant CoreCivic is responsible for the implementation of policies, procedures, practices, and customs, as well as the acts and omissions, challenged by this action.

4. Defendant Russell Washburn is the warden of TTCC at all times relevant to this complaint and exercises plenary authority over all TTCC staff.

5. Defendant Keith Huggins is chief of security at TTCC at all times relevant to this complaint. He is believed to be a resident of Rutherford County, Tennessee.

6. Defendant Harley Silcox is a correctional sergeant at TTCC at all times relevant to this complaint. She is believed to be a resident of Smith County, Tennessee.

7. Defendant Jeffery Reeves is a living, natural person and is believed to be a resident of Lawrence County, Tennessee.

**JURISDICTION AND VENUE**

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1331 and 1367.

9. Venue lies in this district pursuant to 28 U.S.C. 1391(b)(1) because Defendant CoreCivic is a resident of this District, pursuant to 28 U.S.C. Sections 13919(c)(2) and 1391(d).

## FACTUAL BACKGROUND

10. On more than one occasion, defendant Reeves threatened sexual assault on Plaintiff prior to February 20, 2018.

11. On more than one occasion, Plaintiff communicated the threats of sexual violence by defendant Reeves to CoreCivic, Inc., and each of the defendants named in this complaint asking for help.

12. On January 20, 2018, Plaintiff notified a CoreCivic official that "my cellie has been making sexual remarks and reaching for his private area, and talking about me sucking it. Can you help." [sic]

13. On January 21, 2018, Plaintiff notified defendant Silcox that "My cellie is making sexual remarks about me sucking his penis and then is reaching for his pants like to undo them. Help."

14. On January 23, 2018, Plaintiff notified defendant Washburn that "Sir I have wrote C/M Jones and spoke with him, SGT Silcox wrote her and spoke to her, wrote my counselor, and nothing has been don about my cellie making sexual remarks and reaching like he is going to undo his pants, the hole time telling me he is going to make me suck it." [sic]

15. On February 20, 2018, defendant Jeffery Reeves held a shank to Plaintiff and forcibly penetrated plaintiff with his penis under threat of violence.

16. Following the sexual assault on February 20, 2018, Plaintiff suffered extreme emotional distress and bodily injury.

17. Plaintiff reported his injuries to CoreCivic, Inc., and each of the defendants named in this complaint and failed to receive adequate medical care, resulting in further harm.

**PRAYERS FOR RELIEF**

18. Plaintiffs re-allege and re-aver the preceding paragraphs, and the preceding paragraphs are incorporated herein by reference.

19. On information and belief, defendants CoreCivic, Washburn, Huggins, Silcox, and Correct Care Recovery Solutions created, affirmatively issued, permitted, encouraged, tolerated, and knowingly acquiesced in violating Plaintiff's rights, through the existence of an official pattern, practice, and custom of ignoring or otherwise disregarding TDOC policy, federal and state constitutions and statutes, including but not limited to the Prison Rape Elimination Act.

20. Defendants were deliberately indifferent to Plaintiff's constitutional rights because they were aware of the existence of danger of sexual assault and failed to take reasonable measures to protect Plaintiff from assault by another inmate.

21. Defendants failed to investigate the threats, directly leading to the assault on Plaintiff on February 20, 2018.

22. Defendants failed to abide by their constitutional and state law duties of care to timely and meaningfully take action on prisoners' grievances.

23. Defendants displayed deliberate indifference and reckless disregard for Plaintiff's safety by failing to act reasonably in response to the known danger, thus violating Plaintiff's Eighth Amendment rights under the U.S. Constitution.

4
Case 3:19-cv-00160   Document 1   Filed 02/20/19   Page 4 of 7 PageID #: 4

24. Defendants knew of and disregarded an excessive risk to Plaintiff's health and safety. They were aware of specific facts that a substantial risk of serious harm existed.

25. Defendants had actual knowledge of the risk and purposefully avoided further knowledge of the excessive and substantial risk of serious harm.

26. Measures were neither taken nor reasonably calculated to ensure Plaintiff's safety from violence.

27. Plaintiff specifically requested protective custody and defendants failed to act nor act reasonably, and did not act reasonably in response to being alerted of Plaintiff's danger of victimization.

28. Defendants failed to follow their own rules, regulations and policies concerning protection of Plaintiff. In fact, defendants CoreCivic, Inc., Washburn, Huggins, and SIlcox maintained a policy, practice, and custom of ignoring prisoner complaints and grievances alleging the risk of victimization from other prisoners, and failed to act upon information provided to them, thus violating Plaintiff's rights under the Eighth Amendment.

29. Defendants failed to respond to a particular threat and danger to Plaintiff, specifically, Plaintiff's plea for help that Defendant Reeves was making inappropriate and unwanted sexual advances toward Plaintiff.

30. Defendants failed to adequately supervise Plaintiff and defendant Reeves. The assault and tortious injuries suffered by Plaintiff were reasonably foreseeable to defendants, as he had warned Defendants of the risk of victimization, yet

Defendants did nothing to attempt to prevent Defendant Reeves's sexual assault of Plaintiff. Defendants knew and had reason to know that the assault and tortious injuries would occur.

WHEREFORE, defendants' actions constitute intentional and negligent infliction of emotional distress, assault and battery, false imprisonment, and deliberate indifference under the Eighth Amendment to the U.S. Constitution, the plaintiff prays:

31. That the defendants answer this complaint within the time provided by law.

32. That this cause be tried by a jury.

33. That judgment for Plaintiffs enter against the Defendants on each count.

34. That Plaintiff be awarded nominal damages on all counts.

35. That Plaintiff be awarded compensatory damages in an amount determined by the jury.

36. That Plaintiff be awarded punitive damages in an amount determined by the jury because Defendants acted with malice, ill will, evil motive, and callous indifference to Plaintiff's federally protected rights.

37. That Plaintiff be awarded attorney's fees and reasonable litigation expenses, including expert witness fees, pursuant to 42 U.S.C. Section 1988 and F.R. Civ. Pro. 54(d).

38. That the court costs in this matter be taxed to Defendants.

39. That Plaintiff be awarded pre- and post-judgment interest against Defendants.

40. That the Court enter declaratory judgment holding that Defendants' conduct, practice, and custom of ignoring or otherwise failing to take appropriate action in the face of known threats, including disregarding formal prisoner grievances, is in violation of Plaintiff's federally protected rights.

41. That Plaintiff be awarded all other relief to which it may appear he is entitled in the interests of justice.


Respectfully submitted,

*s/ Daniel Ayoade Yoon*
Daniel Ayoade Yoon, BPR 028798
2004 8th Ave S.
Nashville, TN 37204
T:  (615) 541-5141
E:  danielayoadeyoon@gmail.com