UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EDWIN STEAKLEY, <br><br> Plaintiff, <br><br> v. <br><br> CORECIVIC, INC., et al., <br><br> Defendants. | Case No. 3:19-cv-00160 <br><br> Chief Judge Waverly D. Crenshaw, Jr. <br> Magistrate Judge Alistair E. Newbern |

To:   The Honorable Waverly D. Crenshaw, Jr., Chief District Judge

**REPORT AND RECOMMENDATION**

On November 12, 2019, the Court ordered pro se Plaintiff Edwin Steakley to show cause by December 3, 2019, why this action should not be dismissed for his failure to prosecute or failure to keep the Court informed of his current address. (Doc. No. 34.) Steakley has not responded to the Court's order, despite being warned that failure to do so could lead to a recommendation that his case be dismissed. For the reasons that follow, the Magistrate Judge will recommend that this action be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) and Local Rules 41.01(a) and (b) for Steakley's failure to prosecute and to keep the Court informed of his current address.

**I.   Factual and Procedural Background**

This action began on February 20, 2019, when Steakley, who was then represented by counsel, filed a complaint under 42 U.S.C. § 1983 for violations of his civil rights against Defendants CoreCivic, Inc., Jeffery Reeves, Warden Russell Washburn, Chief of Security Keith Huggins, and Sergeant Harley Silcox. (Doc. No. 1.) Steakley's complaint alleges that, while he was incarcerated at the Trousdale Turner Correctional Facility, operated by CoreCivic, Washburn,

Huggins, Silcox, and CoreCivic failed to protect him from a violent sexual assault by Reeves, who was his cellmate, despite Steakley's repeated pleas for help. (*Id.*) CoreCivic, Washburn, Huggins, and Silcox answered Steakley's complaint (Doc. Nos. 13, 29), and the Court entered an initial case management order on May 8, 2019 (Doc. No. 17). On September 5, 2019, the parties filed a joint report stating that they were engaged in discovery and remained open to the possibility of settlement or alternative dispute resolution. (Doc. No. 30.)

On September 25, 2019, Steakley's counsel filed a motion to withdraw, stating that he "ha[d] been hired to work full-time at the Office of the Metropolitan Nashville-Davidson County Public Defender, . . . which precludes the private practice of law and representation in civil matters." (Doc. No. 32, PageID# 122.) Counsel stated that he provided Steakley with written notice of his intent to withdraw more than fourteen days prior to filing his motion and attached a copy of the notice in compliance with the Court's Local Rule 83.01(g). (Doc. Nos. 32, 32-1.) The Court granted the motion to withdraw, ordering Steakley to file a notice with his correct mailing address and telephone number and to inform the Court whether he had retained new counsel or intended to represent himself by October 18, 2019. (Doc. No. 33.) The Court further ordered Steakley's former counsel "to ensure that Steakley receives this order promptly." (*Id.* at PageID# 125.) Steakley did not file the required notice.

On November 12, 2019, the Court ordered Steakley to show cause by December 3, 2019, why his claims should not be dismissed for failure to prosecute or failure to keep the Court informed of his current address. (Doc. No. 34.) The Court warned Steakley that failure to comply with the show-cause order would likely result in a recommendation that his claims be dismissed. (*Id.*) Steakley has not responded and has not taken any further action in this case.

2

## II. Legal Standard

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the Court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."). Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F.3d at 736 (quoting *Knoll*, 176 F.3d at 363). The Sixth Circuit therefore affords district courts "substantial discretion" regarding decisions to dismiss for failure to prosecute. *Id.*

Courts look to four factors for guidance when determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Knoll*, 176 F.3d at 363 (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)). Under Sixth Circuit precedent, "none of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.* (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)); *see also Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004) (finding that dismissal with prejudice "is justifiable in any case in which 'there is a clear record of delay or contumacious conduct on the part of the plaintiff'" (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591

(6th Cir. 2001))). Because dismissal without prejudice is a relatively lenient sanction as compared to dismissal with prejudice, the "controlling standards should be greatly relaxed" for Rule 41(b) dismissals without prejudice where "the dismissed party is ultimately not irrevocably deprived of his [or her] day in court." *Muncy*, 110 F. App'x at 556 (citing *Nwokocha v. Perry*, 3 F. App'x 319, 321 (6th Cir. 2001)).

This Court's Local Rules provide that a pro se party "must keep the Court and opposing parties apprised of the *pro se* party's current address and other contact information," and explain that a pro se party's failure "to timely notify the Court and opposing parties of any change in address may result in dismissal of the action with or without prejudice." M.D. Tenn. R. 41.01(b) (dismissal for failure of *pro se* plaintiff to keep court apprised of current address). The Local Rules further provide that "[c]ivil suits that have been pending for an unreasonable period of time without any action having been taken by any party may be summarily dismissed . . . without prejudice to refile or to move the Court to set aside the order of dismissal for just cause." M.D. Tenn. R. 41.01(a) (dismissal for unreasonable delay). Where, as here, noncompliance with local rules is a ground for dismissal, "the behavior of the noncomplying party [must] rise[] to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick & GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999).

**III.    Analysis**

Dismissal of this action is appropriate under Rule 41(b) because the four relevant factors, considered under the "relaxed" standard for dismissals without prejudice, show a record of delay by Steakley.

### A.    Bad Faith, Willfulness, or Fault

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct

4

on those proceedings." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*, 261 F.3d at 591)). Steakley retained counsel, initiated this action, and diligently pursued his claims between February 20, 2019, and September 25, 2019, when his counsel moved to withdraw upon entering government service. (Doc. Nos. 1, 7, 16, 20–23, 30–32.) Steakley's failure to communicate with the Court—either directly or through new counsel—and to comply with the Court's order to provide his correct mailing address and telephone number therefore appears to be a problem of his own making. Even if these failures were not in bad faith, they still reflect "willfulness and fault" for purposes of Rule 41(b). *Hatcher v. Dennis*, No. 1:17-cv-01042, 2018 WL 1586235, at *1 (W.D. Tenn. Mar. 30, 2018); *see id.* (explaining that "[a] party's failure to respond in the face of a warning by the court that such failure could result in dismissal of a complaint tips the scale in favor of dismissal on the first factor"); *see also Bryant v. Warden, Franklin Cty. Corr. Ctr.*, No. 2:17-CV-00335, 2017 WL 6520874, at *2 (S.D. Ohio Dec. 4, 2017) (finding that pro se plaintiff's "failure to update his address constitute[d] willfulness, bad faith, or fault, because it demonstrate[d] reckless disregard for how his actions, or inactions, impact his case"), *report and recommendation adopted by* 2017 WL 6508595 (S.D. Ohio Dec. 20, 2017). This factor therefore supports dismissal.

    **B.**    **Prejudice**

The Sixth Circuit has held that "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F.3d at 707 (second alteration in original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F.3d at 739 (same). Such prejudice typically arises in the discovery context. *See, e.g.*, *Harmon*, 110 F.3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, No. 11-02607,

2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony"). Notably, time and effort spent on "typical steps in the early stages of litigation[,]" such as answering a complaint or filing pretrial motions to advance the defendant's position, are not actions "necessitated by any lack of cooperation" and therefore do not weigh in favor of dismissal for failure to prosecute. *Schafer*, 529 F.3d at 739. The Sixth Circuit explained in *Schafer v. City of Defiance Police Department* that "[i]f such efforts . . . [were] alone sufficient to establish prejudice," for the purpose of Rule 41(b), "then every defendant who answers a complaint and responds minimally to a lawsuit would be able to claim prejudice[,]" a "result [that] would defy common sense." 529 F.3d at 740.

Here, the parties have engaged in some discovery, but there is no indication that Steakley's failure to provide his mailing address and telephone number after his counsel's withdrawal caused the defendants to waste any time, money, or effort in pursuit of cooperation that Steakley was legally obligated to provide. This factor therefore weighs against dismissal.

### C.     Prior Notice

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Schafer*, 529 F.3d at 740 (quoting *Stough*, 138 F.3d at 615). The Court expressly warned Steakley that failure to comply with the show-cause order and to provide his current mailing address and telephone number would "likely result in a recommendation that this action be dismissed." (Doc. No. 34, PageID# 127.) This factor therefore supports dismissal. *Schafer*, 529 F.3d at 740; *see also Wright*, 2013 WL 1729105, at *3 (granting motion to dismiss for failure to prosecute where court's orders to show cause warned plaintiff "that her conduct could result in dismissal")

6

### D.  Appropriateness of Other Sanctions

The less-drastic sanction of dismissal without prejudice is available and appropriate here. Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits." *Muncy*, 110 F. App'x at 557 n.5; *see also Mulbah*, 261 F.3d at 590–91. Such a sanction is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se. *See Schafer*, 529 F.3d at 737 (noting that courts apply the four-factor test "more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal" (quoting *Harmon*, 110 F.3d at 367)).

### IV.  Recommendation

Considering the above four factors, the Magistrate Judge RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE under Federal Rule of Civil Procedure 41(b) and Local Rules 41.01(a) and (b).

Any party has fourteen days after being served with this report and recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 6th day of January, 2020.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge